UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

ANN B. READE-ALVAREZ, on behalf of
herself and all others similarly
situated,

           Plaintiff

    -against-

SIMM ASSOCIATES, INC.,

           Defendant
----------------------------------------x

CV-04 2509

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 17 2004
BROOKLYN OFFICE

CLASS ACTION
COMPLAINT AND DEMAND
FOR JURY TRIAL

GARAUFIS, J.

POHORELSKY, M.J

## I. Preliminary Statement

1. Plaintiff Ann B. Reade-Alvarez, on her own behalf and on behalf of the class she seeks to represent, brings this action for illegal practices of Defendant, SIMM ASSOCIATES, INC. (SIMM), who used false, deceptive, misleading practices in conjunction with an attempt to collect an alleged debt. Plaintiff alleges that the Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et. seq. (FDCPA). Plaintiff seeks statutory damages for herself and the class, costs and attorneys fees.

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. Sec. 1331. Venue in this District is

appropriate because pertinent events took place here.

### III. Parties

3. Plaintiff, Ann B. Reade-Alvarez, is a natural person residing in Woodside, New York.

4. Defendant SIMM, is a debt collector and maintains a principal place of business located at Springside Office Park, Biddle Building Suite 200, 200 Biddle Ave., Newark, DE 19702. The Defendant is engaged in the business of collecting debts. The Defendant collects debts incurred, and alleged to be incurred, for personal, family or household purposes.

### IV. Facts Relating To Named Plaintiff

5. That the Plaintiff allegedly incurred a debt to Providian NA.

6. That said alleged obligation is a "debt" as defined in the FDCPA.

7. That in the attempt to collect said debt the Defendant sent communications dated October 29, 2003 and December 27, 2003 to the Plaintiff. Copies of said communications are attached hereto as Exhibits "A & B."

8. That said letter, dated October 29, 2003, sets forth (in part) "OUR CLIENT IS NOW TAKING THE NECESSARY STEPS TO RECOVER THE OUTSTANDING AMOUNT OF $1451.93. THEY HAVE RETAINED US TO REVIEW YOUR ACCOUNT AND ENFORCE COLLECTION BY ANY MEANS NECESSARY."

9. That the statement in said letter, as reiterated in paragraph 8 heretofore, constitutes a false threat of legal action in an attempt to harass and abuse the Plaintiff.

10. That the letter sent by the Defendant SIMM on December 27, 2003 constitutes a false telegram. Said false telegram states (in part), "IT HAS BECOME NECESSARY FOR THIS OFFICE TO CONDUCT A THOROUGH INVESTIGATION WITH REGARD TO YOUR INCOME, ASSETS AND NET WORTH. IT IS IMPERATIVE THAT YOU CONTACT THIS OFFICE UPON RECEIPT OF THIS NOTICE. FAILURE TO COMPLY WILL RESULT IN IMMEDIATE COMMENCEMENT OF THIS INVESTIGATION." Said statement constitutes a threat to advise third persons, including employers, of Plaintiff's alleged debt and is otherwise a threat to take action that cannot legally be taken or that is not intended to be taken.

11. That the statement set forth in the false telegram, as reiterated in paragraph 10 heretofore, falsely implies that all of Plaintiff's assets and income could be seized after judgment. In fact, certain personal assets and certain personal income are legally immune to judgment execution.

## V. Policies and Practices Complained Of

12. It is the policy and practice of the Defendant to send collection communications to residents of the State of New York that contain statements and representations that are false, deceptive and misleading.

13. It is the policy and practice of the Defendant to engage in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of a debt.

## VI. Class Allegations

14. This action is brought on behalf of a class consisting of all persons with addresses in the State of New York, to whom a collection communication was sent by the Defendant in the form of Exhibit "A" and/or "B" attached hereto.

15. The class period is one year prior to the filing of the complaint in this action through the present.

16. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impractical.

17. There are questions of law and fact common to the class, which common issues predominate over any issues involving only

individual class members. The principal issues are whether the Defendant violated the FDCPA by causing collection communications to be sent to residents of the State of New York, which contain false, deceptive and misleading statements and representations and which are harassing in consequence.

18. The Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

19. The Plaintiff will fairly and adequately protect the interests of the classes defined herein. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue their action.

20. Certification of a class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to the class defined herein predominate over any questions affecting only individual members of the class and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

### VII. Class Claims for Relief

21. The Defendant SIMM, violated the FDCPA. The Defendant's

violations include, but are not limited to, the following:

a. The Defendant violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendant violated 15 U.S.C. sec. 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken.

c. The Defendant violated 15 U.S.C. sec. 1692e(10) by using deceptive means to collect or attempt to collect any debt.

d. The Defendant violated 15 U.S.C sec. 1692d by engaging in conduct whereby the natural consequence is to harass, oppress or abuse the Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the class for:

A. Certification of the classes pursuant to Rule 23(b)(3).

B. Statutory damages for the Plaintiff pursuant to 15 U.S.C.A. sec. 1692k.

C. Statutory damages for the class pursuant to 15 U.S.C. sec. 1692k, declaring that the Defendant has violated the FDCPA based upon the letter attached hereto as Exhibit "A."

D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

E. Such other and further relief as may be just and proper.

Dated: New York, New York
       June 8, 2004

_____
ROBERT L. ARLEO, ESQ.
(RA 7506)
Attorney for the Plaintiff
225 East 79th Street, 2B
New York, New York 10021
(212) 517-9967

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff

**EXHIBIT A**

P.O. BOX 7526
NEWARK, DE 19714-7526
RETURN SERVICE REQUESTED

**SIMM ASSOCIATES, INC.**
SPRINGSIDE OFFICE PARK
BIDDLE BLDG, STE. 200
200 BIDDLE AVENUE
NEWARK, DE 19702
(302) 366-8422 · (800) 864-8033 Ext. 502

October 29, 2003

SIMM ASSOCIATES, INC.
P.O. BOX 7526
NEWARK, DE 19714-7526

E46443-010   08383
ANN B READE-ALVAREZ
5209 SKILLMAN AVE APT 1R
WOODSIDE NY 11377-4182

| Account # : | Balance : |
|---|---|
| H36977-E46443 | $1451.93 |
| Client : Providian NA | |

✂ Detach Upper Portion And Return With Payment ✂

CLIENT : Providian NA
BALANCE : $ 1451.93
ACCOUNT # : 5189131012502543

Dear ANN B READE-ALVAREZ,

Our client is now taking the necessary steps to recover the outstanding amount of $ 1451.93. They have retained us to review your account and enforce collection by any means necessary.

Enclose your payment in the envelope provided and make your check or money order payable to SIMM Associates, Inc. If you need to pay the above amount in monthly installments, call our office to make suitable arrangements.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

*Jeffrey S. Simendinger*
Jeffrey S. Simendinger
Vice President
(800) 864-8033 ext. 502

**EXHIBIT B**

P.O. BOX 7526
NEWARK, DE 19714-7526
ADDRESS SERVICE REQUESTED

# Priority-Gram

December 27, 2003

SIMM ASSOCIATES, INC.
P.O. BOX 7526
NEWARK, DE 19714-7526

E46443-007    21390
ANN B READE-ALVAREZ
5208 SKILLMAN AVE APT 1R
WOODSIDE NY 11377-4182

Reference File No. : E46443

✂ Detach Upper Portion And Return With Payment ✂

**CLIENT**                              **BALANCE**

Providian NA                            $ 1451.93

Dear ANN B READE-ALVAREZ,

It has become necessary for this office to conduct a thorough investigation with regard to your Income, assets and net worth.

It is imperative that you contact this office upon receipt of this notice. Failure to comply will result in immediate commencement of this investigation.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Sincerely,

*Lorriane Morris*

Lorriane Morris
Coordinator
(800) 864-8033



PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.